UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND, TRUSTEES OF THE NATIONAL ASBESTOS WORKERS PENSION FUND, TRUSTEES OF THE ASBESTOS WORKERS LOCAL UNION NO. 80 SUPPLEMENTAL MEDICAL FUND AND TRUSTEES OF THE ASBESTOS WORKERS LOCALS 80 AND 51 SUPPLEMENTAL PENSION PLAN<br>7130 Columbia Gateway Drive<br>Suite A<br>Columbia, MD  21046, | ) ) ) ) ) ) ) ) ) ) ) |
|                Plaintiffs, | ) ) |
|     vs. | )  C.A. No.: |
| | ) |
| CLAY'S PERFORMANCE CONSTRUCTION LLC<br>561 CR 7 – C<br>Ironton, OH  45630 | ) ) ) ) |
| Serve: Jonathan Clay, President<br>     561 CR 7 – C<br>     Ironton, OH  45630 | ) ) ) ) |
|                Defendant. | ) |

**COMPLAINT**

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND FOR BREACH OF A SETTLEMENT AGREEMENT)**

**Jurisdiction**

1.      This Court has jurisdiction of this action under Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and

1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is

an action for breach of a Collective Bargaining Agreement between an employer and a labor

organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## Parties

2.      Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund, Trustees of the National Asbestos Workers Pension Fund, Trustees of the Asbestos Workers Local Union No. 80 Supplemental Medical Fund and Trustees of the Asbestos Workers Locals 80 and 51 Supplemental Pension Plan (hereinafter "NAW Funds"), multiemployer employee benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37) (as amended).   The Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NAW Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Heat and Frost Insulators Local 80 (hereinafter "the Union") and the Defendant.   The NAW Funds are administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD  21046.

3.      Defendant Clay's Performance Construction LLC is a corporation existing under the laws of the State of West Virginia with offices located in Ohio. Defendant transacts business in the State of Ohio as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4.      Defendant entered into a Collective Bargaining Agreement with the Union

2

establishing terms and conditions of employment for heat and frost insulators employed by the Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff NAW Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6.      Defendant employed certain employees covered by the Collective Bargaining Agreement during the period of December 2016 through the present.

7.      Defendant has failed to pay complete contributions owed to the Plaintiff NAW Funds for the months of March 2017 through May 2017 resulting in a balance of contributions owed for those months in the amount of $256.20.   Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

8.      Defendant has failed to submit reports and pay contributions owed to the Plaintiff NAW Funds for the months of August and September 2018.   Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

9.      Defendant is bound to the Trust Agreements.

10.     Pursuant to the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

3

11.     Using report forms submitted for the last three (3) months for which hours were reported, the projected delinquency for the months of August and September 2018 is $10,227.84 calculated as follows:

| Month | Medical Reported | Pension Reported | Supp. Medical Reported | Supp. Pension Reported |
|-------|------------------|------------------|------------------------|------------------------|
| May 2018 | $1,455.48 | $2,176.20 | $524.16 | $1,350.18 |
| June 2018 | $1,424.38 | $2,129.70 | $512.96 | $1,321.33 |
| July 2018 | $1,175.98 | $1,757.70 | $423.36 | $1,090.33 |
| **Monthly Average**: | $1,351.95 | $2,021.20 | $486.83 | $1,253.95 |

12.     Defendant's contributions on behalf of its heat and frost insulator employees for the months of December 2016 through May 2017, August 2017 through November 2017 and January 2018 through July 2018 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NAW Funds are set forth on the attached breakdown (Exhibit A).

13.     Defendant's partial contributions to the Plaintiff NAW Funds owed on behalf of its heat and frost insulator employees for the months of March 2017 through May 2017 are late and Defendant's contributions to the Plaintiff NAW Funds owed on behalf of its heat and frost insulator employees for the months of August and September 2018 are late.

14.     The Trust Agreement establishing the Plaintiff National Asbestos Workers Medical Fund ("Medical Fund") provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double

4

interest as provided in the Act.

15.     Pursuant to this provision, Defendant is obligated to the Plaintiff Medical Fund in

the amount of $462.39 in interest on the late payments for the months of December 2016 through

May 2017, August 2017 through November 2017 and January 2018 through September 2018

assessed at the rate of 1½% per month in accordance with the Trust Agreement and continuing to

accrue on the unpaid contributions through the date of payment.

16.     The Trust Agreement establishing the Plaintiff National Asbestos Workers Pension

Fund (hereinafter "Pension Fund") provides as follows:

> If an Employer fails to file reports or make contributions within ten (10)
> calendar days of the due date, there shall be added to and become a part
> of the amount due and unpaid:  (1) liquidated damages for each monthly
> report or payment due to the Fund, in the amount of twenty percent
> (20%) of the amount due or 20 dollars, whichever is greater, plus
> interest at the rate of eight percent (8%) from the due date to the date of
> payment; or (2) double interest as provided in the Act.

17.     Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Pension

Fund for liquidated damages in the amount of $1,650.87 and interest in the amount of $526.00

assessed on the late payments for the months of December 2016 through May 2017, August 2017

through November 2017 and January 2018 through September 2018. Interest has been assessed on

the late paid contributions owed to the Pension Fund at the rate of 16% for the first 60 days in

which the contributions are late.  If the contributions are more than 60 days late, the Plaintiff

Pension Fund has assessed liquidated damages at the rate of 20% or 20 dollars, whichever is

greater, and interest at the rate of 8% per annum.  Interest will continue to accrue on the unpaid

contributions through the date of payment.

18.     The Trust Agreement establishing the Plaintiff Asbestos Workers Local Union No.

80 Supplemental Medical Fund (hereinafter "Supplemental Medical Fund") provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in ERISA.

19.     Pursuant to this provision, Defendant is obligated to the Plaintiff Supplemental Medical Fund for liquidated damages in the amount of $1,426.29 and interest in the amount of $72.50 assessed on the late payments for the months of December 2016 through May 2017, August 2017 through November 2017 and January 2018 through September 2018. Liquidated damages have been assessed at the rate of 20% or 20 dollars, whichever is greater, and interest has been assessed at the rate of 8% per annum.  Interest will continue to accrue on the unpaid contributions through the date of payment.

20.     The Trust Agreement establishing the Plaintiff Asbestos Workers Locals 80 and 51 Supplemental Pension Plan (hereinafter "Supplemental Pension Fund") provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in ERISA.

21.     Pursuant to this provision, Defendant is obligated to the Plaintiff Supplemental Pension Fund for liquidated damages in the amount of $3,673.88 and interest in the amount of $186.75 assessed on the late payments for the months of December 2016 through May 2017, August 2017 through November 2017 and January 2018 through September 2018. Liquidated damages have been assessed at the rate of 20% or 20 dollars, whichever is greater, and interest

has been assessed at the rate of 8% per annum.  Interest will continue to accrue on the unpaid contributions through the date of payment.

**WHEREFORE**, in Count I, Plaintiff NAW Funds pray for Judgment against the Defendant as follows:

A.      In the amount of $10,484.04 in contributions due for work performed in March 2017 through May 2017, August 2018 and September 2018, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B.      In the amount of $6,751.04 in liquidated damages and $1,247.64 in interest assessed on the late payments for the months of December 2016 through May 2017, August 2017 through November 2017 and January 2018 through September 2018 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C.      For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

D.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No.:  05682

Attorneys for Plaintiffs

315345_1

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 17th day of October, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

_____ /s/ _____
Charles W. Gilligan

315345_1